UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:24-CR- 00276 |
| | : | |
| v. | : | (Chief Judge Brann        ) |
| | : | |
| LINO PEREZ, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States
Attorney for the Middle District of Pennsylvania and the above-
captioned defendant. Any reference to the United States or to the
Government in this Agreement shall mean the Office of the United
States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to
   waive indictment by a grand jury and plead guilty to a 2-count
   felony Information, which will be filed against the defendant by
   the United States Attorney for the Middle District of
   Pennsylvania. That Information will charge the defendant, in
   Count 1, with a violation of Title 18, United States Code,
   § 1791(a)(1) and (b)(1), Attempt to Provide Contraband to an

Inmate.  The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000, a maximum term of supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.  The Information will further charge the defendant, in Count 2, with a violation of Title 18, United States Code, § 201(b)(2), Bribery of a Public Official.  The maximum penalty for that offense is imprisonment for a period of 15 years, a fine of $250,000, a maximum term of supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of

the offenses charged in the Information.  The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court.  The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.   Term of Supervised Release.  The defendant understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of

supervised release in any other case.  In addition, the defendant

understands that as a condition of any term of supervised

release or probation, the Court must order that the defendant

cooperate in the collection of a DNA sample if the collection of a

sample is so authorized by law.

3. <u>Maximum Sentence – Multiple Counts</u>.  The defendant

understands that the total, maximum possible sentence for all

charges is the combination of penalties described above; that is,

35 years in prison and/or fines totaling $500,000, 3 years of

supervised release, the costs of prosecution, denial of certain

federal benefits and an assessment totaling $200.

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United

States Attorney's Office for the Middle District of Pennsylvania

agrees that it will not bring any other criminal charges against

the defendant directly arising out of the defendant's

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

B.  Fines and Assessments

5.  Fine.  The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

6.  Alternative Fine.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

5

7. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $200 ($100 on each of Counts 1 and 2) pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessments directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure

6

may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.  Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

    a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

    b.  to submit to interviews by the Government regarding the defendant's financial status;

    c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

    d.  whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive

7

any prohibition against communication with a represented

party by the Government regarding the defendant's

financial status;

e.   to authorize the Government to obtain the defendant's

credit reports in order to evaluate the defendant's ability to

satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the

Probation Office as directed, and to the sharing of financial

information between the Government and the Probation

Office.

## C.   Sentencing Guidelines Calculation

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments (the "Sentencing Guidelines"), will apply to

the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are

advisory and not binding on the Court.  The defendant further

agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

11. Acceptance of Responsibility– Two/Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

9

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect
to the application of the Sentencing Guidelines to the
defendant's conduct, the parties agree to recommend as follows:

    a.)    **With respect to Count 1, pursuant to the Cross
Reference at U.S.S.G. § 2P1.2(c)(1), because the object of the
offense was the distribution of a controlled substance and
because the defendant is convicted under 18 U.S.C. § 1791(a)(1)
and is punishable under 18 U.S.C. § 1791(b)(1), the resulting
offense level is 26.**

Each party reserves the right to make whatever remaining
arguments it deems appropriate with regard to application of
the United States Sentencing Commission Guidelines to the
defendant's conduct.  The defendant understands that any
recommendations are not binding upon either the Court or the
United States Probation Office, which may make different
findings as to the application of the Sentencing Guidelines to
the defendant's conduct.  The defendant further understands
that the United States will provide the Court and the United

10

States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

D. **Sentencing Recommendation**

13. Appropriate Sentence Recommendation.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

14. Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

    a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

11

b.  The defendant make restitution, if applicable, the payment
    of which shall be in accordance with a schedule to be
    determined by the Court.

c.  The defendant pay any fine imposed in accordance with a
    schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit
    charges or opening additional lines of credit without
    approval of the Probation Office unless the defendant is in
    compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office
    and the United States Attorney access to any requested
    financial information.

f.  The defendant be confined in a community treatment
    center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

    i.   The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

    j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

    k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

    l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

    m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  <u>Information Provided to Court and Probation Office</u>

15.  <u>Background Information for Probation Office</u>.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the

13

United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

16. Objections to Pre-Sentence Report. The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania's "Policy for Guideline Sentencing,"
both the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, applicable Sentencing
Guidelines ranges, and policy statements contained in or
omitted from the report. The defendant agrees to meet with the
United States at least five days prior to sentencing in a good
faith attempt to resolve any substantive differences. If any
issues remain unresolved, they shall be communicated to the
Probation Officer for inclusion in an addendum to the pre-
sentence report. The defendant agrees that unresolved
substantive objections will be decided by the Court after

14

briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

17. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

15

18. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

F. **Court Not Bound by Plea Agreement**

19. <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 35 years, a fine of $500,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of

16

prosecution, denial of certain federal benefits, and an assessment of $100.

20. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## G.  **Breach of Plea Agreement by Defendant**

21. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the

defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

22. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

18

d.   The United States will be free to bring any other charges it

has against the defendant, including any charges originally

brought against the defendant or which may have been

under investigation at the time of the plea.  The defendant

waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

23. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. **Appeal Waiver**

24. <u>Appeal Waiver – Direct</u>. The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible

20

grounds for appeal, whether constitutional or non-
constitutional, including, but not limited to, the manner in
which that sentence was determined in light of *United States v.
Booker*, 543 U.S. 220 (2005).  The defendant further
acknowledges that this appeal waiver is binding only upon the
defendant and that the United States retains its right to appeal
in this case.

I.  **Other Provisions**

25. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state, or local law
enforcement agency.

26. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and

other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

27. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

28. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on

the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

29. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty

23

in this case. The defendant agrees that the defendant is
satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

30. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this
Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on
or before 5:00 p.m., on October 9, 2024, otherwise the offer may,
in the sole discretion of the Government, be deemed withdrawn.

31. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

    I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

10/4/2024
Date

LINO PEREZ
Defendant

    I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/04/2024
Date

MICHAEL SULLIVAN, ESQ.
Counsel for Defendant

GERARD M. KARAM
United States Attorney

10-8-2024
Date

By:

JEFFERY ST. JOHN
Assistant United States Attorney

JSJ/2023R00053/09212024
VERSION DATE:  March 8, 2021

25